MR. JUSTICE SHEEHY
specially concurring:
I concur in the result foregoing, because instruction no. 6 embodied the law of the case and denial of defendant’s proposed instruction no. 3 merely avoided repetition in the instructions.
Assuming, however, that in the future, prosecutors will not offer instructions such as court’s no. 6, which include as an element for the State to prove that the defendant was not justified in using the force which he used, it appears that some comment is necessary as to proper instruction in a so-called self-defense case.
First, I believe that merely instructing the jury, as was done in this case in instruction no. 17, in the language of the statute, section 45-3-102, MCA, respecting justified force gives the jury an abstract statement which is of little use in its determinations. In cases where the use of justified force is claimed by the defendant, the jury, at least where the evidence supports it, should be given an instruction that sets out the elements which are to be considered in determining whether the force was justified. These are: (1) the defendant must not be the aggressor; (2) the danger of harm to him must be a present one, not merely threatened at a future time, or without the present ability of carrying out a threat; (3) the force threatened must be unlawful — either criminal or tortious; (4) the person must actually believe that the danger exists, that is, use of force is necessary to avert the danger, and that the kind and amount of force which he uses is necessary; (5) his belief, in each of the aspects described, is reasonable even if it is mistaken. See, Criminal Law Commission Comment (M.C.C.1973), section 94-3-102, R.C.M.1947. Secondly, I believe that the jury should be instructed in a case where the defendant claims justification in the use of force that he has established his defense if he raises a reasonable doubt in the minds of the juries as to the proof by the State of the elements of the crime charged.
Thirdly, I believe the jury should further be instructed that if the defendant fails to meet burden of persuasion by raising such reasonable doubt, it remains in any event, the duty of the State to *97 prove the elements of the crime charged beyond a reasonable doubt.
There is a good deal of cloudy area in the instructions which we have been approving in homicide cases where justified force is claimed, not the least of which I pointed out in my dissent in State v. Bashor (1980), 188 Mont. 397, 614 P.2d 470, 37 St.Rep. 1098.
MR. JUSTICE SHEA dissents and will file a written dissent later.